# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

WILLIAM CASTANARES VIRAY,

　　　　　Plaintiff,

v.

AFTIM AMIN SABA, et al.,

　　　　　Defendants.

Case No. 18-cv-04634-BLF

**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND**

[Re: ECF 7]

Plaintiff William Viray ("Plaintiff"), proceeding *pro se*, filed an action in Small Claims Court in Santa Clara County Superior Court against Defendant Aftim Amin Saba ("Defendant" or "Saba"). *See* ECF 1-1 ("Compl."). The United States then removed the action to federal court under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2679(d)(1) and 28 U.S.C. § 1442(a)(1) because this is a tort action against an officer or employee of a federal agency (namely, the United States Postal Service). *See* Not. of Removal, ECF 1, ¶ 5. The United States also substituted itself as Defendant under 28 U.S.C. § 2679(d)(1). *Id.* ¶ 6.

Presently before the Court is Defendant's motion to dismiss the Complaint. *See* Mot., ECF 7. Plaintiff filed a letter in response, stating that he wished to oppose the motion to dismiss. *See* ECF 12. The Court construes this letter to be Plaintiff's opposition. Pursuant to Civil L.R. 7-1(b), the Court finds Defendant's motion to dismiss suitable for submission without oral argument and hereby VACATES the hearing scheduled for November 29, 2018. The Case Management Conference scheduled for November 29, 2018 is also VACATED, and the Court will separately issue a scheduling order.

For the reasons set forth herein, the Court GRANTS Defendant's motion to dismiss the Complaint WITH LEAVE TO AMEND.

## I.    LEGAL STANDARD

"A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted 'tests the legal sufficiency of a claim.'" *Conservation Force v. Salazar*, 646 F.3d 1240, 1241–42 (9th Cir. 2011) (quoting *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)). When determining whether a claim has been stated, the Court accepts as true all well-pled factual allegations and construes them in the light most favorable to the plaintiff. *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 690 (9th Cir. 2011). While a complaint need not contain detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"The doctrine of res judicata provides that 'a final judgment on the merits bars further claims by parties or their privies based on the same cause of action.'" *In re Schimmels*, 127 F.3d 875, 881 (9th Cir.1997) (quoting *Montana v. United States*, 440 U.S. 147, 153–54 (1979)). Under Federal Rule  of Civil Procedure 8(c), res judicata may be raised as an affirmative defense in response to a pleading. To establish the defense of res judicata, a party must prove three elements: "(1) an identity of claims, (2) a final judgment on the merits, and (3) [identity or] privity between parties." *Tahoe–Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1077 (9th Cir. 2003); *see also Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313 (1971). Although res judicata is a defense, a party may assert it in a motion to dismiss where "the defense raises no disputed issues of fact." *Scott v. Kuhlmann*, 746 F.2d 1377, 1378 (9th Cir. 1984).

Like res judicata, a statute-of-limitations assertion is an affirmative defense. However, a defendant may still raise a motion to dismiss based on this defense if the running of the limitations period is apparent on the face of the complaint. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.*; *see also Supermail Cargo, Inc. v.*

*United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim").

## II.    DISCUSSION

Defendant moves to dismiss the Complaint on three grounds: (1) Plaintiff's claims are barred by res judicata; (2) this Court lacks subject matter jurisdiction to hear Plaintiff's tort claims under the FTCA and criminal law claims; and (3) the claims are barred by any applicable statute of limitations because the underlying incidents are alleged to have occurred in August 2009. *See* ECF 7. The Court discusses each ground in turn.

### A.    Res Judicata

Defendant argues that Plaintiff's action is barred by res judicata because this case is "substantively analogous" to a previous action brought by Plaintiff against the United States Postal Service ("USPS"), which this Court dismissed with prejudice. *See Viray v. United States Postal Service* (*Viray I*), No. 18-cv-99-BLF, Order on Mot. to Dismiss, ECF 36 (Apr. 25, 2018).[1]

In addition to numerous claims, the *Viray I* Amended Complaint raised allegations relating to stolen signatures, the death of Plaintiff's grandmother, appropriation of "unconsented forms," lost wages, loss of consortium, and defamation. *See* ECF 7-2, Ex. C at 1–3. The Complaint mentioned the time period of August 2009. *Id.* Plaintiff also alleged that Saba, who was not a named defendant, had "assaulted, abused, and harassed" and "threatened" Plaintiff, as well as "shown [his] pen[]," "proving to stab" Plaintiff. *Id.* Finally, he asked the Court to send several individuals, including Saba, to prison and demanded capital punishment.

In his Complaint in this action, Plaintiff named only Saba as a defendant. He alleges that Saba (1) "harass[ed], abuse[d], and assault[ed]" him; (2) stole his signature to which Plaintiff did not consent; (3) tried to kill Plaintiff with his pen; and (4) defamed him. *See* Complaint ("Compl."), ECF 7-2, Ex. A at 2–3, Letter Attachment ("L.A."). He also mentions his dying

---

[1] After the present action was removed to federal court, the United States moved to relate this action to the previously dismissed *Viray I* action. *See Viray I*, No. 18-cv-99-BLF, ECF 40. This Court granted the motion to relate on August 9, 2018. *See Viray I*, No. 18-cv-99-BLF, ECF 41.

1   grandmother, loss of consortium, and sending Saba to prison. *Id.* Finally, he notes the time period

2   in question is August 2009 to present. *Id.* at 2.

3       The United States argues that res judicata's three requirements are met here because there

4   is identity of the claims, a final decision on the merits of those claims, and identity of the parties.

5   The Court disagrees. Even assuming the first two requirements are met, the United States has not

6   adequately shown identity of the parties—namely identity between the USPS and Saba. In

7   support of its argument, the United States cites only the general rule governing identity or privity

8   of the parties—that "privity may exist if 'there is substantial identity between the parties, that is,

9   when there is sufficient commonality of interest.'" Mot. at 5 (quoting *Tahoe*, 322 F.3d at 1081)

10  (internal quotation marks omitted). It does not cite any specific cases to support its arguments that

11  Saba is in privity with the USPS either because he was named as "an alleged tortfeasor" in the

12  *Viray I* complaint or because the USPS had sufficient "commonality of interests with respect to

13  Saba's alleged conduct in both actions." *Id.* at 6. As the United States recognizes, the privity

14  inquiry is fact-intensive, *see id.* at 5, and thus requires an inquiry into whether courts have found

15  similar relationships as the one at issue here to be in privity. Because the United States points to

16  no such cases, the Court finds that res judicata does not bar this action.

17      **B.    Subject Matter Jurisdiction**

18      The United States next argues that this Court lacks subject matter jurisdiction to hear

19  Plaintiff's claims because the Federal Tort Claims Act bars suits alleging tort claims against the

20  government "unless it is presented in writing to the appropriate Federal agency within two years

21  after such claim accrues . . . ." 28 U.S.C. § 2401(b). If the plaintiff does not meet this

22  requirement, the claims must be dismissed for lack of subject matter jurisdiction. *McNeil v.*

23  *United States*, 508 U.S. 106, 113 (1993). The United States also argues that the Court lacks

24  subject matter jurisdiction over Plaintiff's claims to the extent he makes claims for assault, libel,

25  slander, or defamation, as the FTCA excludes such claims. *See* Mot. at 7.

26      The Court agrees with the United States' argument that the Court lacks subject matter

27  jurisdiction to the extent that Plaintiff alleges assault, defamation, libel, or slander against

28  Defendant. *See* Compl. L.A. Assault, libel, and slander are expressly excluded from the FTCA's

4

waiver of sovereign immunity. *See* 28 U.S.C. § 2680(h). Courts have further held that "[d]efamation claims are the equivalent of libel and slander and thus exempt from the waiver of sovereign immunity under the intentional tort exception." *Garling v. United States EPA*, 849 F.3d 1289, 1298-1299 (10th Cir. 2017).

Moreover, to the extent Plaintiff makes other tort claims, they fail for two reasons. First, as the United States argues, the Complaint provides no allegations demonstrating that Plaintiff properly exhausted the necessary administrative avenues within two years of his claims accruing. *See* Mot. at 6–7. The Complaint contains no allegations that Plaintiff presented these issues to an appropriate federal agency, much less that he did so within two years of the claims accruing, which seemingly occurred in August 2009.

Second, the Complaint does not satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8. Among other allegations, the Complaint alleges that Defendant "use[d] his career in medicine to harass, abuse, and assault me. He also stole my signature which is never real or I never consent it. . . . I believe he is trying to kill me with his pen . . . . I demand for stealing my unreal signature. I demand for defamation that he had caused. I got attacked wherever I go . . . ." On its face, the Complaint alleges only claims of assault or defamation. To the extent Plaintiff makes other claims, the Court finds that Defendant is not on fair notice of other claims against him or the grounds upon which they rest. Fed. R. Civ. P. 8(a)(2); *see also Erickson v. Pardus*, 551 U.S. 89, 93–94 (2007). Moreover, any such claims are not plausible as the Court cannot "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Thus, the Court lacks subject matter jurisdiction over Plaintiff's claims for defamation and assault. To the extent Plaintiff makes other tort claims, Plaintiff must plausibly plead that the claims were properly exhausted under the FTCA and incorporate allegations that provide Defendant with sufficient notice of the claims and the grounds upon which they rest.

Finally, the Court also agrees with Defendant that it lacks subject matter jurisdiction over Plaintiff's claims sounding in criminal law. Plaintiff accuses Defendant of "trying to kill [Plaintiff] with his pen" and demands that Saba go to prison. *See* Compl. L.A. To the extent he

attempts to do so, Plaintiff does not have standing to bring a criminal complaint against Defendant. Private citizens cannot file criminal charges. Rather, criminal proceedings in federal court are initiated by the government, usually through the United States Attorney's Office. *See, e.g.*, *Harbor v. Kim*, No. ED CV 16-01906, 2017 WL 443164, at *4 (C.D. Cal. Jan. 31, 2017) ("The decision to institute criminal proceedings lies within the discretion of the proper state or federal prosecuting authority"); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) (observing that the executive branch has "exclusive authority and absolute discretion to decide whether to prosecute a case"). Because Plaintiff lacks standing to bring criminal charges against Defendant, the Court lacks subject matter jurisdiction over any such claims.

### C.  Statute of Limitations

The Court agrees with Defendant that Plaintiff's claims are also barred by any applicable statute of limitations. In the Complaint, Plaintiff references lost wages and various torts (such as assault, theft, and perhaps fraud), as well as general wrongdoing and inappropriate behavior by Defendant. *See* Compl. at 2, L.A. He also notes that the relevant time period is August 2009 to present. *Id.* at 2.

As explained above, Plaintiff's claims against Defendant are not plausible and are subject to dismissal on that basis. It also appears on the face of the Complaint that any conceivable claim that Plaintiff might allege would be time barred. Though Plaintiff alleges that the relevant time period continues into the present, his specific allegations appear to be targeted at discrete incidents, not ongoing ones. *See id.* at L.A. Without additional information, it appears these incidents occurred in August 2009, and that Plaintiff is seeking continuing losses into the present that arise from those past incidents. As to any incident that occurred in August 2009, none of Plaintiff's discernible claims has a statute of limitations of nine years. For example, the only avenue for tort claims against government agents acting in their official capacities is the Federal Tort Claims Act 28 U.S.C. § 2679(d). Thus, Plaintiff was required to submit a tort claim within two years of the accrual of his claims. *See* 28 U.S.C. § 2401(b). Moreover, claims under the Privacy Act are subject to a two-year statute of limitations, 5 U.S.C. § 552a(g)(5), and all claims arising out of another Act of Congress without an express statute of limitations are subject to a

four-year statute of limitations, 28 U.S.C. § 1658(a). Each of these statutes of limitations is much shorter than the nine years at issue here.

### III.     CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's motion to dismiss the Complaint on the grounds that Plaintiff's claims against him are time barred. Because leave to amend should be freely given when justice so requires, and a motion to dismiss based on the statute of limitations defense should be granted "only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled," *Jablon*, 614 F.2d at 682, the Court grants Plaintiff LEAVE TO AMEND. The November 29, 2018 hearing on Defendant's Motion to Dismiss is VACATED.

If Plaintiff wishes to amend his claims, Plaintiff must file an amended complaint **on or before September 26, 2018.** Failure to meet the deadline to file an amended complaint or failure to cure the deficiencies identified in this Order will result in a dismissal of Plaintiff's claims with prejudice.


**IT IS SO ORDERED.**


Dated: August 27, 2018

_____
BETH LABSON FREEMAN
United States District Judge